[Cite as *State v. Akers*, 2016-Ohio-1373.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15 CA 37 |
| JAMELL C. AKERS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Municipal Court, Case No.  15 CRB 1022


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    March 31, 2016


APPEARANCES:

For Plaintiff-Appellee

STEPHANIE L. HALL
ASSISTANT PROSECUTOR
123 East Chestnut Street
Post Office Box 1008
Lancaster, Ohio  43130

For Defendant-Appellant

MARGARET A. SMITH
LAW OFFICE OF MARGARET A. SMITH
Post Office Box 880
660 Hill Road North
Pickerington, Ohio  43147

*Wise, J.*

**{¶1}** Appellant Jamell C. Akers appeals from his conviction in the Fairfield County Municipal Court on one misdemeanor count of domestic violence and two misdemeanor counts of violation of a protection order. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On or about May 4, 2015, Appellant Akers physically assaulted A.L., his former girlfriend. Appellant is the purported father of A.L.'s infant son, although legal paternity has not been established and the two have never been married. Appellant was thereupon charged by the responding Pickerington police officer with one count of domestic violence, R.C. 2919.25(A), and two counts of violation of a protection order, R.C. 2919.27. All three offenses were charged as misdemeanors of the first degree.[1]

**{¶3}** On June 16, 2015, appellant appeared the Fairfield County Municipal Court ("trial court") and entered pleas of guilty to all three of the above counts.

**{¶4}** The trial court accepted the pleas and found appellant guilty of all three counts. Appellant was sentenced to one-hundred eighty days in jail (ninety days suspended) on the domestic violence count and one-hundred eighty days in jail on each count of violating a protective order, with all counts to be served consecutively to each other. The latter jail days were suspended, with further orders of intensive supervised probation under conditions including, *inter alia*, contact with the infant son only "upon a domestic relations order *** as order[ed] by DR Court."

---

[1] A more detailed assessment of the incident and injuries leading to the charges at issue is not necessary in the present appeal. An additional charge of unlawful restraint was subsequently dismissed.

{¶5} Appellant filed a notice of appeal on July 9, 2015. He herein raises the following two Assignments of Error:

{¶6} "I. THE TRIAL VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT PROHIBTED [SIC] APPELLANT, AS A CONDITION OF HIS COMMUNITY CONTROL SANCTION, FROM CONTACT WITH HIS INFANT SON UNTIL HE OBTAINED ORDERS FROM THE DOMESTIC RELATIONS DIVISION OF THE COURT OF COMMON PLEAS.

{¶7} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING, AS A CONDITION OF [HIS] COMMUNITY CONTROL SANCTION, THAT APPELLANT HAVE NO CONTACT WITH HIS INFANT SON UNTIL HE OBTAINED ORDERS FROM THE DOMESTIC RELATIONS DIVISION OF THE COURT OF COMMON PLEAS."

I.

{¶8} In his First Assignment of Error, appellant argues the trial court violated his constitutional due process rights in ordering a community control provision of no contact with his putative son pending an order from the domestic relations court. We disagree.

{¶9} Clearly, a parent has a fundamental liberty interest in the care, custody, and management of his or her child. *See In re Gower/Evans Children*, 5th Dist. Tuscarawas No. 06AP060034, 2006-Ohio-5676, ¶ 28, citing *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. Furthermore, it is well-established that where a party argues that a statute or regulation impinges upon a fundamental constitutional right, courts must apply a strict-scrutiny standard of review. *See State v. Emery*, 12th Dist.

Clermont No. CA2014-09-062, 2015-Ohio-1487, ¶ 13, citing *Harrold v. Collier,* 107 Ohio St.3d 44, 2005–Ohio–5334, ¶ 39.

{¶10} However, a merely putative father obtains no automatic right or privilege of visitation with his child. *See In the Matter of Adoption of Sunderhaus*, 12th Dist. Butler No. CA89-12-176, 1990 WL 154010. We recognize the General Assembly has enacted certain statutory rights for putative fathers, such as affording the right to consent to adoption to those putative fathers who register as such with the statewide "putative father registry" not later than fifteen days after the minor child's birth (*see* R.C. 3107.07), the right to pursue an action in paternity (*see* R.C. 3111.04(A)(1)), and the allowance of temporary orders allocating parental rights and responsibilities while a paternity action is pending (*see* R.C. 3109.043). In addition, R.C. 3109.12(A) states in pertinent part that if a child is born to an unmarried woman, the father "may file a complaint requesting that the court of appropriate jurisdiction of the county in which the child resides grant him reasonable parenting time rights with the child," but this first requires that "the father of the child has acknowledged the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code or [the petitioning father] has been determined in an action under Chapter 3111. of the Revised Code to be the father of the child ***."

{¶11} Thus, it has been aptly stated that "[a]n unwed father's interest in a relationship with his child acquires protection under the Fourteenth Amendment *when* he attempts to come forward to participate in the rearing of his child and accepts some measure of responsibility for the child's future." *In re Adoption of Baby F.*, 10th Dist.

Franklin No. 03AP-1092, 2004-Ohio-1871, ¶ 14 (emphasis added), citing *Lehr v. Robertson* (1983), 463 U.S. 248, 261-262, 103 S.Ct. 2985, 77 L.Ed.2d 614.

**{¶12}** In the case *sub judice*, it was made clear at sentencing that appellant had never signed the child's birth certificate (*see* Tr. at 20-21) and had not in some fashion established legal paternity (*see* Tr. at 10). Under the circumstances presented, we hold appellant's fundamental rights under the Fourteenth Amendment were not implicated and there was no constitutional violation resulting from the trial court's community control restriction regarding child visitation.

**{¶13}** Appellant's First Assignment of Error is overruled.

II.

**{¶14}** In his Second Assignment of Error, appellant contends the trial court abused its discretion in ordering a community control provision of no contact with his putative son, pending future orders from the domestic relations court. We disagree.

**{¶15}** Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Smith,* 9th Dist. Wayne No. 05CA0006, 2006–Ohio–1558, ¶ 21, citing *State v. Pass,* 6th Dist. Lucas No. L–92–017, 1992 WL 386011. *See, also, State v. Chadwick,* 5th Dist. Knox No. 08CA15, 2009–Ohio–2472, ¶ 30. Likewise, a trial court has broad discretion to impose misdemeanor community control sanctions, and we must affirm such a decision absent an abuse of discretion. *State v. Tobin,* 10th Dist. Franklin No. 11AP-776, 2012-Ohio-1968, ¶ 5. An abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144. Furthermore, there is no requirement that a trial court, in sentencing on

misdemeanor offenses, specifically state its reasons on the record. *State v. Harpster,* 5th Dist. Ashland No. 04COA061, 2005–Ohio–1046, ¶ 20.

{¶16} R.C. 2929.21(A) first states that "[a] court that sentences an offender for a misdemeanor * * * shall be guided by the overriding purposes of misdemeanor sentencing. * * *." The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). In order to achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.; State v. Coleman,* 4th Dist. Scioto No. 05CA3037, 2006– Ohio–3200, ¶ 21. In addition, R.C. 2929.21(B) states in pertinent part as follows: "A sentence imposed for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."

{¶17} In the case *sub judice*, the record indicates that the child was present during the domestic violence episode leading to the charges against appellant. *See* Police Narrative Supplement at 1. It also appears from the record that the incident took place at a location where appellant had slept overnight under the same roof as A.L., despite the existence of an ongoing protection order designed to keep appellant away from her. *Id.*; Tr. at 11-13. Upon review, we find the additional layer of protection to the child in question

was a reasonable means of protecting the public from future crime and was clearly within the bounds of the trial court's community control discretion.

**{¶18}**  Appellant's Second Assignment of Error is overruled.

**{¶19}**  For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.


JWW/d 0309